| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>WALMART INC., a Delaware corporation;<br>*Continued on Additional Parties Attachment<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>SALVADOR GUZMAN and JAMES MARSHALL, as individuals and on behalf of all others similarly situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>10/20/2021 2:08 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV388734<br>Reviewed By: R. Walker<br>Envelope: 7503026 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Santa Clara<br>191 N. First Street, San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**21CV388734** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)/Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071, 213-488-6555

| DATE: 10/20/2021 2:08 PM    Clerk of Court | Clerk, by  R. Walker | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Wal-Mart Associates, Inc., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Guzman and Marshall v. Walmart Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page  2  of  2

Page 1 of 1

E-FILED
10/20/2021 2:08 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV388734
Reviewed By: R. Walker

1  Larry W. Lee (State Bar No. 228175)
   lwlee@diversitylaw.com
2  Mai Tulyathan (State Bar No. 316704)
   ktulyathan@diversitylaw.com
3  **DIVERSITY LAW GROUP, P.C.**
4  515 S. Figueroa St., Suite 1250
   Los Angeles, California 90071
5  (213) 488-6555
   (213) 488-6554 facsimile
6
7  Attorneys for Plaintiffs and the Class
8  (Additional Counsel on Next Page)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| SALVADOR GUZMAN and JAMES MARSHALL, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 21CV388734<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 226.7 AND 512;**<br>(2) **VIOLATION OF LABOR CODE §§ 201-204, AND 1199 AND § 5 OF IWC WAGE ORDER NO. 7-2001;**<br>(3) **VIOLATION OF LABOR CODE §§ 201-204, 510, 558, 1194, 1197, AND 1197.1;**<br>(4) **VIOLATION OF LABOR CODE §§ 201-204, 510, 558, 1194, 1197, 1197.1;**<br>(5) **VIOLATION OF LABOR CODE § 226;**<br>(6) **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***<br><br>**DEMAND EXCEEDS $25,000.00** |

1

PLAINTIFFS' CLASS ACTION COMPLAINT

**ADDITIONAL COUNSEL FOR PLAINTIFF**

B. James Fitzpatrick, Esq. (SBN: 129056)
bjfitzpatrick@fandslegal.com
Laura Franklin, Esq. (SBN: 282642)
lfranklin@fandslegal.com
**FITZPATRICK & SWANSTON**
555 S. Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

PLAINTIFFS' CLASS ACTION COMPLAINT

Plaintiffs Salvador Guzman ("Guzman") and James Marshall ("Marshall") (collectively, "Plaintiffs") hereby submit this Class Action Complaint ("Complaint") against Defendants Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores, Inc. (collectively, "Defendant," or "Walmart"), and DOES 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a Class of all other similarly situated current and former employees of Defendants for penalties for violations of the California Labor Code, including without limitation, failure to pay employees their meal period premiums, overtime wages, and reporting time wages at the regular rate of pay, and failing to pay minimum and overtime wages for time spent undergoing COVID-19 temperature checks:

## INTRODUCTION

1. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

2. Plaintiffs are informed and believe and based thereon allege that Defendants jointly and severally have acted knowingly and intentionally by failing to provide accurate itemized wage statements identifying all required information, including without limitation, the correct overtime rate, and paying overtime, meal period premiums, and reporting time pay at the correct rate of pay, as well as all gross and net wages, hours worked, and hourly rates for the time spent undergoing temperature checks.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of Plaintiffs' claims asserted under California Labor Code §§ 201-204, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 1199, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the Unfair Competition Law (the "UCL"), California Business & Professions Code § 17200, *et seq.*

4. Venue is proper in this Court, in that this case is related to the Private Attorneys General Act (the "PAGA") action filed by Plaintiffs in the Santa Clara County Superior Court on or about October 14, 2021, entitled *Guzman, et al. v. Walmart, Inc., et al.*, Case No. 21CV388124. Moreover, venue is proper in Santa Clara County because Walmart does not reside, nor has a principal place of business in the State of California. As such, venue is proper in any county

designed by Plaintiff in this Complaint. *See* Cal. Code Civ. Proc. § 395(a).

## PARTIES

5. All Plaintiffs worked for Walmart as non-exempt retail store employees. Marshall is a citizen of the State of California and worked for Walmart at its Carson Store from in or around October 2020, through March 3, 2021. Guzman is also a citizen of the State of California and worked for Walmart at its Victorville Store from on or about August 27, 2019, through on or about November 28, 2020.

6. Walmart is a global retailer headquartered in Bentonville, Arkansas, with numerous locations throughout the United States, including in Santa Clara County, California.

7. Plaintiffs were and are victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiffs of the rights guaranteed by the California Labor Code.

8. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

9. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 1199, the Wage Orders, and the UCL.

10. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other

4

Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

12. Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

13. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and/or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

14. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

15. **Definition:** Plaintiffs seek class certification pursuant to Code of Civil Procedure § 382 of the following classes:

    a. All current and former non-exempt California retail store employees who worked for Defendants at any time from October 20, 2017, through the present (the "Class");

    b. All current and former California non-exempt employees of Defendants who received non-discretionary remuneration, including without limitation, "MYSHARE INCT," Awards and Covid pay and was paid any meal period

5

premium payments in the same period that the non-discretionary remuneration was earned, at any time between October 20, 2017, through the present (the "Meal Period Regular Rate Class");

c. All current and former California non-exempt employees of Defendants who were paid any reporting time pay during pay periods in which they also earned any non-discretionary remuneration, including without limitation, "MYSHARE INCT," Awards and Covid pay at any time between October 20, 2017, through the present (the "Reporting Time Regular Rate Class");

d. All current and former California non-exempt employees of Defendants who were paid any overtime wages during pay periods in which they also earned any non-discretionary remuneration, including without limitation, Covid pay, at any time between October 20, 2017, through the present (the "Overtime Regular Rate Class").

16. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Defendants records, including payroll records. Plaintiffs are informed and believe and based thereon allege that the Defendants: (a) failed to pay meal period premiums based on the regular rate of pay in violation of Labor Code §§ 226.7 and 512; (b) failed to pay reporting time pay based on the regular rate of pay in violation of Labor Code §§ 201-204, and 1199 and § 5 of IWC Wage Order No. 7-2001; (c) failed to pay overtime wages based on the regular rate of pay in violation of Labor Code §§ 201-204, 510, 558, 1194, 1197, 1197.1; and (d) failed to pay wages, including minimum and overtime wages, for time undergoing COVID-19 temperature checks before being allowed to clock in in violation of Labor Code §§ 201-204, 510, 558, 1194, 1197, 1197.1.

17. **Adequacy of Representation:** Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the class and the named Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past

and currently have a number of wage-and-hour class actions pending in California courts.

18. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class that Defendants: : (a) failed to pay meal period premiums based on the regular rate of pay in violation of Labor Code §§ 226.7 and 512; (b) failed to pay reporting time pay based on the regular rate of pay in violation of Labor Code §§ 201-204, and 1199 and § 5 of IWC Wage Order No. 7-2001; (c) failed to pay overtime wages based on the regular rate of pay in violation of Labor Code §§ 201-204, 510, 558, 1194, 1197, 1197.1; and (d) failed to pay wages, including minimum and overtime wages, for time undergoing COVID-19 temperature checks before being allowed to clock in in violation of Labor Code §§ 201-204, 510, 558, 1194, 1197, 1197.1.

19. **Typicality:** Plaintiffs' claims are typical of the claims of all members of the Class in that Plaintiffs suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. First, both Plaintiffs were not paid their overtime based on the correct, higher regular rate of pay because Defendants did not include all non-discretionary remuneration into the regular rate, including Covid pay. Second, Guzman was not paid meal period premium pay at the regular rate of pay because Defendants did not include any non-discretionary remuneration into the regular rate, such as MYSHARE-INCT, Awards and Covid pay. Rather, the meal period premium wages were paid at the base rate of pay. Third, Guzman was not paid reporting time pay wages at the regular rate of pay. Specifically, § 5 of Wage Order No. 7-2001 states that reporting time pay shall be paid to the employee at the employee's **"regular rate of pay."** Throughout Guzman's employment with the Company, Guzman and class members earned non-discretionary remuneration, including, but not limited to, MyShare Incentives, Awards and Covid pay. As these items are non-discretionary forms of remuneration, they should have been included in the regular rate of pay for purposes of paying Guzman and class members their reporting time pay. However, whenever the Company paid Guzman and class members their reporting time pay during pay periods in which they earned such non-discretionary remuneration, the reporting time pay was always paid at their base rate of pay. Marshall was also not paid all wages, including minimum and overtime wages for time spent undergoing COVID-19 temperature checks before he was

7

allowed to clock in. Thus, Plaintiffs qualify as Class Members and have suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 1199, the Wage Orders, and the UCL.

20. The California Labor Code is broadly remedial in nature and must be construed in favor of worker protection. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

21. The nature of this action and the format of laws available to Plaintiffs and Class Members identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual employees with Defendants' vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

22. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

23. Such a pattern, practice, and uniform administration of corporate policy regarding

illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, and 1194, and Code of Civil Procedure § 1021.5.

24. Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

## (AGAINST THE DEFENDANTS AND DOES 1-50 BY GUZMAN AND THE MEAL PERIOD REGULAR RATE CLASS)

25. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set for herein.

26. At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiffs, and other class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiffs and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium at the correct rate of pay. Plaintiffs and Class Members earned non-discretionary incentive pay, such as "MYSHARE INCT," Awards and Covid pay, which was not factored into the regular rate of pay for purposes of paying meal period premium pay. Instead, during pay periods in which Plaintiffs and Class Members earned non-discretionary remuneration, Defendants improperly paid the meal premium pay at the base

9

rate of pay.

27. Plaintiffs are informed and believe and based thereon allege that Defendants willfully failed to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiffs further allege that Plaintiffs and similarly situated employees are owed wages for the meal period violations set forth above.

28. Plaintiffs are informed and believe and based thereon allege that Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

29. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

## SECOND CAUSE OF ACTION

**VIOLATION OF LABOR CODE §§ 201-204, AND 1199 AND § 5 OF IWC WAGE ORDER NO. 7-2001**

**(AGAINST THE DEFENDANTS AND DOES 1-50 BY GUZMAN AND THE REPORTING TIME REGULAR RATE CLASS)**

30. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set for herein.

31. Section 5 of Wage Order No. 7-2001 states that reporting time pay shall be paid to the employee at the employee's "**regular rate of pay.**" Plaintiffs and class members earned non-discretionary remuneration, including, but not limited to, MyShare Incentives, Awards and Covid pay. As these items are non-discretionary forms of remuneration, they should have been included

10

in the regular rate of pay for purposes of paying Plaintiffs and class members their reporting time pay. However, whenever the Company paid Plaintiffs and class members their reporting time pay during pay periods in which they earned such non-discretionary remuneration, the reporting time pay was always paid at their base rate of pay. Accordingly, Defendants owe Plaintiffs and Class Members additional unpaid reporting time wages as damages.

32. Plaintiffs are informed and believe and based thereon allege that Defendants' willful failure to provide all reporting time wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

33. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid reporting time compensation pursuant to Labor Code §§ 201-204, 218.5, and 1199, and Section 5 of IWC Wage Order No. 7-2001, and the applicable IWC Wage Order, including interest thereon, penalties, attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204, 510, 558, 1194, 1197, AND 1197.1

### (AGAINST THE DEFENDANTS AND DOES 1-50 BY PLAINTIFFS AND THE OVERTIME REGULAR RATE CLASS)

34. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set for herein.

35. At all relevant times, Defendant was required to compensate its employees proper overtime wages for overtime hours worked pursuant to California Labor Code §§ 510, 558 and 1194. Plaintiffs and the Class were and are employed by Defendant as non-exempt employees and, thus, Plaintiffs and the Class are entitled to overtime wages. During their employment with Defendant, Plaintiffs and the Class worked overtime hours. Specifically, Plaintiffs and the Class worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of

11

overtime pay. During their employment with Defendant, including during pay periods wherein Plaintiffs and the Class worked overtime, Plaintiffs and the Class also earned additional non-discretionary incentive pay, including without limitation, Covid pay. Defendant, as a corporate-wide practice and policy, did not calculate and/or factor such remuneration into the regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owes Plaintiffs and the Class additional overtime pay.

36. Plaintiffs are informed and believes and based thereon alleges that Defendant's policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code §§ 510 and 1194 and the IWC Wage Order(s). Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiffs the Class for overtime compensation earned as required by California law.

37. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510, 1194 and 1197.1.

38. Plaintiffs are informed and believe and based thereon allege that Defendant willfully failed to pay employees proper compensation for all hours worked. Plaintiffs are informed and believe and based thereon allege that Defendant's willful failure to provide all wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## FOURTH CAUSE OF ACTION

**VIOLATION OF LABOR CODE §§ 201-204, 510, 558, 1194, 1197, 1197.1**

**(AGAINST ALL DEFENDANTS AND DOES 1-50 BY MARSHALL AND THE CLASS)**

39. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though

12

fully set for herein.

40. Labor Code §§ 510, 558, 1194, 1197, and 1197.1 require payment of wages for all hours worked by non-exempt employees, which includes time that the employee is under the control of the employer and suffered and/or permitted to work. As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek and/or overtime wages for all hours worked in excess of 8 hours in a workday and/or 40 hours in a workweek. Here, Defendants required Plaintiffs and the Class to undergo temperature checks on the way into work before they were allowed to clock in. Thus, the temperature check time was off-the-clock and unpaid.

41. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 1194, 1197 and 1197.1.

42. Plaintiffs and Class Members whose employment ended are also entitled waiting-time penalties pursuant to Labor Code §§ 201-203. Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous notice, in which case the employee must be paid all wages due and earned at the time of quitting. Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid. As a pattern and practice, Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice. More specifically, Defendants violated Labor Code §§ 201-203 by, among other unlawful acts, refusing to pay minimum and overtime wages for time spent undergoing temperature checks.

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226

### (AGAINST ALL DEFENDANTS AND DOES 1-50 BY PLAINTIFFS AND ALL CLASSES)

43.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set for herein.

44.  Labor Code § 226(a) requires employers to furnish accurate itemized wage statements that contain, among other information, accurate gross and net wages, hourly rates and all hours worked. Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized wage statements. Plaintiffs and the Class were paid hourly. As such, the wage statements should have reflected the number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a)(2) and (9). The wage statements provided to Plaintiffs and the Class failed to identify such information, including without limitation, accurate gross and net wages, the number of hours worked and the correct applicable hourly rates, as well as all of the wages owed for meal period premium and reporting time pay paid at the correct rate of pay. As alleged herein, Defendants failed to pay all wages, including minimum and overtime wages, to Plaintiffs and the Class for temperature checks, and overtime, meal period premiums and reporting time pay based on the correct rate of pay. Therefore, Defendants violated Labor Code § 226(a)(1), (2), and (9).

45.  Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Classes identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

### (AGAINST THE DEFENDANTS AND DOES 1-50 BY PLAINTIFFS AND THE CLASS, MEAL PERIOD PREMIUM, REPORTING TIME, AND OVERTIME REGULAR RATE CLASSES)

46.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set for herein.

47. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay, overtime and reporting time wages in violation of Labor Code §§ 226.7, 510, 512, 1194, 1197, 1197.1, and 1199 and Section 5 of Wage Order No. 7-2001, and wages, including minimum and overtime wages for time spent undergoing temperature checks off the clock in violation of Labor Code §§ 510, 1194, 1197, and 1197.1.

48. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

49. Plaintiffs seek individually and on behalf of all other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

50. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiffs and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiffs as Class Representatives of the Classes as defined herein;
3. For an order appointing counsel for Plaintiffs as Class Counsel;
4. Upon the First Cause of Action, for unpaid premium wages and/or penalties

pursuant to Labor Code §§ 201-203, 226.7 and 512, and for costs;

5. Upon the Second Cause of Action, for unpaid wages and/or penalties pursuant to Labor Code §§ 201-204, and 1199 and § 5 Wage Order No. 7-2001;

6. Upon the Third Cause of Action, for unpaid overtime wages, liquidated damages, and/or penalties pursuant to Labor Code §§ 201-204, 510, 558, 1194, 1197, and 1197.1;

7. Upon the Fourth Cause of Action, for unpaid wages, including minimum and overtime wages, liquidated damages and/or penalties pursuant to Labor Code §§ 201-204, 510, 558, 1194, 1197, and 1197.1;

8. Upon the Fifth Cause of Action, for damages and/or penalties, attorneys' fees and costs pursuant to Labor Code § 226(e);

9. Upon the Sixth Cause of Action, for restitution to Plaintiffs and Class Members of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

10. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, and 1194, and Code of Civil Procedure § 1021.5; and

11. For such other and further relief as the Court may deem just and proper.

DATED: October 20, 2021                    DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Attorneys for PLAINTIFF and the CLASS