UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GUZMAN, and others,<br>Plaintiffs,<br>v.<br>WALMART INC., and others,<br>Defendants. | Case No. 21-cv-09133-NC<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF 9 |

On December 1, 2021, Defendants Walmart Inc., Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. (collectively Walmart) filed a motion to dismiss all of the claims in this case except Plaintiffs' minimum wage claim. ECF 9. Walmart argues that: (1) the meal period, reporting time, and overtime violation allegations fail to state a claim, (2) the wage statement violation claim constitutes improper double recovery, (3) the Unfair Competition Law claim does not adequately allege the lack of remedy at law, and (4) the claims predicated on California Labor Code § 204 are improper because § 204 does not establish a private right of action. After reviewing the briefing, the Court grants Walmart's motion to dismiss and grants Plaintiffs leave to amend.

## I.  BACKGROUND

According to the complaint, Plaintiff Salvador Guzman worked as a non-exempt retail employee at a Walmart store in Victorville, California from October 2020, through March 3, 2021. ECF 1-1 at ¶ 5. Plaintiff James Marshall worked as a non-exempt retail

employee at a Walmart store in Carson, California from August 2019, through November 28, 2020. *Id.* On October 20, 2021, Plaintiffs brought a class action suit against Walmart, alleging labor violations arising from Walmart's failure to apply the correct rate of pay (including MYSHARE INCT, awards, and COVID pay) to Plaintiffs' meal premiums, reporting time, and overtime, Walmart's failure to provide accurate wage statements, and the resulting violations of California's Unfair Competition Law (UCL). ECF 1-1.

On November 24, 2021, Walmart removed this suit from Santa Clara County Superior Court to this Court and promptly moved to transfer the case to the Central District of California. ECF 1; ECF 10. Walmart simultaneously moved to dismiss all the complaint except the fourth cause of action regarding minimum wages. ECF 9. On December 23, 2021, the Court denied Walmart's motion to transfer. ECF 23. The Court now evaluates the motion to dismiss. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 16; ECF 17.

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants dismissal, it should also grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Meal Period, Reporting Time, and Overtime Violations

Walmart argues that Plaintiffs' first three causes of action should be dismissed for failure to state a claim. The Court agrees because the three causes of action generally allege labor code violations without offering any specifics about Plaintiffs' experience. In the first cause of action for meal period violations, Plaintiffs allege that "Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium at the correct rate of pay." ECF 1-1 at ¶ 26. However, Plaintiffs do not identify a single date when either of them was paid a meal period premium at an incorrect rate. In the second cause of action for reporting time violations, Plaintiffs claim that "whenever [Defendants] paid Plaintiffs and class members their reporting time pay during pay periods in which they earned such non-discretionary remuneration, the reporting time pay was always paid at their based rate of pay." *Id.* at ¶ 31. Again, Plaintiffs do not point to any enumerated instances when they were paid at the incorrect rate for reporting time. Finally, in the third cause of action for overtime violations, Plaintiffs assert that "during their employment with Defendant, Plaintiffs and the Class worked overtime hours. Specifically, Plaintiffs and the Class worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay." *Id.* at ¶ 35. This claim, too, fails to identify a particular week when Plaintiffs worked overtime and were paid at the incorrect rate. Without any detail about Plaintiffs' experiences as to their allegations, the Court cannot find their claims facially plausible. Accordingly, the Court dismisses these claims. And because the claims may be cured by further allegations, the Court grants Plaintiffs leave to amend.

### B. Wage Statement Violations

Next, Walmart argues that Plaintiffs' fourth cause of action–wage statement violations–should be dismissed because it derives from the first three claims and allowing it to proceed would enable Plaintiffs to collect a double recovery. In the complaint, Plaintiffs allege that "the wage statements provided to Plaintiffs and the Class failed to

identify such information, including without limitation, accurate gross and net wages, the number of hours worked and the correct applicable hourly rates, as well as all of the wages owed for meal period premium and reporting time pay paid at the correct rate of pay." ECF 1-1 at ¶ 44.  As alleged, the Court cannot determine whether Plaintiffs' claim is barred as "double recovery" under *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308 (Cal. Ct. App. 2018).  The *Maldonado* court held that the plaintiffs could not bring a claim for wage statement violations because their wage statements accurately reflected the wages earned despite incorrectly recounting their hours worked.  *Id.* at 481-82.  The court determined that the employer's failure to pay the employees overtime was remedied by the employees' unpaid overtime claim, not their wage statement claim.  *Id.* at 482.  And the Legislature did not intend to "mandate that they also receive penalties for the wage statements."  *Id.*

In their opposition, Plaintiffs assert that the *Maldonado* holding does not apply because their claim is based on Walmart's failure to pay minimum and overtime wages. ECF 20 at 13.  But this claim is not clear from the allegations in the complaint.  In one sentence, Plaintiffs point to Walmart's "fail[ure] to identify . . . the number of hours worked," but in the next sentence Plaintiffs conclude that "Defendants failed to pay all wages . . . based on the correct rate of pay."  *See* ECF 1-1 at ¶ 44.  If Plaintiffs' first sentence represents the claim, it appears that the claim can proceed.  But if the second sentence is representative, *Maldonado*'s holding indicates that Plaintiffs do not have an injury that is not already addressed by their meal break, reporting time, and overtime violation claims.  Given this confusion, the Court dismisses the claim and grants Plaintiffs leave to amend to clarify their claim.[1]

### C.   Unfair Competition Law Violations

Walmart also argues that the allegations under the UCL fail to state a claim because

---

[1] If Plaintiffs amend this claim, the Court requests that they address another confusion.  In the opposition, Plaintiffs refer to a Plaintiff Rafael Escobar, but Escobar is not listed as a Plaintiff in the complaint.  If he is a plaintiff in this case, Plaintiffs should include his name in the caption of the amended complaint.

4

the UCL only allows equitable remedies and Plaintiffs have not shown that they lack an adequate remedy at law.  The complaint alleges that Walmart engaged in "unfair and unlawful business practices in California by . . . failing to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay, overtime and reporting time wages." ECF 1-1 at ¶ 47.  As a remedy, "Plaintiffs seek . . . full restitution of monies . . . to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein." *Id.*

Following Ninth Circuit precedent, the Court finds that Plaintiffs fail to state a claim.  In *Sonner*, the Ninth Circuit affirmed a lower court's dismissal of a plaintiff's UCL claim finding that under California's inadequate-remedy-at-law doctrine, the plaintiff must "establish that she lacked an adequate legal remedy for the same past harm for which she sought equitable restitution." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 838-39 (9th Cir. 2020).  Applying that reasoning here, the Court finds that the complaint also fails to allege that Plaintiffs lack an adequate legal remedy for the same harms that form the basis of their UCL claim.

In their opposition, Plaintiffs cite *Cortez v. Purolator Air Filtration Prods. Co.* and *Pineda v. Bank of America, N.A.* as prevailing legal authorities, but the Court finds these cases distinguishable.  The *Cortez* court held that a plaintiff could recover unpaid wages as restitution under the UCL, but it did not consider what a plaintiff must plead to state a UCL claim that mirrors other labor claims in their complaint. *See Cortez*, 23 Cal. 4th 163, 173 (2000).  The *Pineda* court affirmed the holding of *Cortez*. *Pineda*, 50 Cal. 4th 1389, 1401 (2010).  As neither authority applies to this case, the Court's conclusion under *Sonner* stands.  The UCL claim is dismissed with leave to amend.

### D. Claims Predicated on California Labor Code § 204

Finally, Walmart argues that any claims predicated on California Labor Code § 204 should be dismissed because § 204 does not provide a private right of action.  Plaintiffs concede that no private right of action exists under § 204.  ECF 20 at 7.  However,

Plaintiffs contest that their second, third, and fourth causes of action are predicated on § 204. *Id.* Upon review of the complaint, the Court determines that although § 204 is cited in the second, third, and fourth causes of action, the claims themselves do not rely on the statute. *See* ECF 1-1 at 12, 13, 14. Thus, there is no basis for dismissing these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Walmart's motion. Plaintiffs must file their amended complaint or notify the Court that they do not wish to amend by **February 14, 2022**. Plaintiffs may not add any new parties or claims without further leave of Court. If Plaintiffs do not act by February 14, the Court will dismiss the claims identified in this order with prejudice. Walmart does not need to answer the complaint unless Plaintiffs file a notice that they will not file an amended complaint.

**IT IS SO ORDERED.**

Dated: January 14, 2022    _____
NATHANAEL M. COUSINS
United States Magistrate Judge