Paloma P. Peracchio, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:     213-239-9800
Facsimile:     213-239-9045

Mitchell A. Wrosch, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:     714-800-7900
Facsimile:     714-754-1298

Attorneys for Defendants
Walmart Inc., Wal-Mart Associates, Inc.,
Wal-Mart Stores, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GUZMAN and JAMES MARSHALL, as individuals and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 5:21-cv-09133-NC<br><br>**DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION**<br><br>Action Filed:  October 20, 2021<br>Trial Date:   None Set<br>Magistrate Judge: Hon. Nathaniel M. Cousins |

Reply to Plaintiffs' Opposition to

Case No. 5:21-cv-09133-NC

DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Plaintiffs' Opposition fails to refute that that their minimum wage, overtime, meal period, and wage statement claims should be stayed since they are already being litigated in the earlier-filed *Haro*,[1] *Carlos*,[2] *Magadia*,[3] and *Hernandez*[4] matters.  No policy is advanced by allowing Plaintiffs to litigate identical class claims on behalf of identical classes as in those earlier cases.  Rather, allowing Plaintiffs to proceed will lead to duplicative litigation, wasted resources, and potential inconsistent rulings.  Walmart respectfully requests the Court stay Plaintiffs' minimum wage, overtime, meal period, and wage statement claims.

II. **PLAINTIFFS' OVERTIME, MINIMUM WAGE, WAGE STATEMENT, AND MEAL PERIOD CLAIMS SHOULD BE STAYED UNDER THE FIRST-TO-FILE RULE**

Under the first-to-file rule, a district court may decline to exercise jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982).  When considering whether to apply the first-to-file rule, courts consider: (1) the similarity of the parties; (2) the chronology of the two actions; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  Plaintiffs concede the first two elements are met, but argue that the issues in this case are different from those in the cases filed in other districts (*Haro*, *Carlos*, and *Hernandez*).  They are not, and all three elements of the first-to-file rule are satisfied.

A. **Plaintiffs' Meal Period Claim**

Plaintiffs allege that they "were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks." (ECF No. 29, ¶ 26.)  Plaintiffs further contend that Walmart "as a matter of corporate policy and procedure,

---

[1] *Haro v. Walmart Inc.*, Eastern District of California Case No. 1:21-cv-00239 DAD SKO
[2] *Carlos v. Wal-Mart Associates, Inc.*, Central District of California Case No. 5:21-cv-00294-AB-KK
[3] *Magadia v. Wal-Mart Associates, Inc., et al.*, Santa Clara Superior Court Case No. 16CV303387
[4] *Hernandez v. Wal-Mart Associates, Inc.*, Central District of California Case No. 5:21-cv-00166-FLA

1   Case No. 5:21-cv-09133-NC
DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

regularly failed to pay the meal period premium at the correct rate of pay" because Walmart allegedly "improperly paid the meal premium pay at the base rate of pay." (*Id.*)  *Hernandez*, which was filed nearly a year before this action, also alleges that Walmart failed to provide "one additional hour of compensation at each employee's regular rate of pay for each workday that a compliant meal period was not provided." (ECF No. 43 at 155.)

Nonetheless, Plaintiffs argue that "*Hernandez* does *not* contain any allegations that Defendants failed to include nondiscretionary payments in the regular rate for purposes of paying meal period premiums…" (ECF No. 45 at 6.)  However, whether or not *Hernandez* specifically alleges Walmart fails to include nondiscretionary payments in the regular rate for meal premiums is irrelevant.  What matters is that *Hernandez* expressly alleges exactly what Plaintiffs do here – that Walmart failed to pay meal period premiums <u>at the regular rate of pay.  Furthermore, for this purported violation *Hernandez* seeks to recover</u> "meal [] period compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 7-2001." (ECF No. 43 at 162.)  Thus, *Hernandez* is clearly seeking to recover unpaid meal premiums on the basis that meal premiums were allegedly not paid at the correct rate of pay – exactly what Plaintiffs seek here.

Plaintiffs next argue that, unlike *Hernandez*, their "Meal Period Regular Rate Class [] is defined to include only those employees 'who received non-discretionary remuneration, including without limitation, "MYSHARE INCT," Awards and COVID pay and was paid any meal period premium payment in the same period that the non-discretionary remuneration was earned.'" (ECF No. 45 at 7.)  This is true – Plaintiffs' "Meal Period Regular Rate Class" is defined more narrowly than the putative class in *Hernandez*, which consists of "All current and former non-exempt employees of DEFENDANTS' Walmart retail stores in the State of California during the period of November 17, 2016 through…final judgment." (ECF No. 43 at 153.)  But that simply means that Plaintiffs' Meal Period Regular Rate Class is entirely subsumed by the putative class in *Hernandez*.  In other words, Plaintiffs are seeking to recover meal premiums at the regular rate of pay on behalf of a putative class that is already seeking those same meal premiums in *Hernandez*.

Reply to Plaintiffs' Opposition to

2

Case No. 5:21-cv-09133-NC
DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

### B. Plaintiffs' Minimum Wage Claim

Plaintiffs allege Walmart failed to compensate them for all hours worked. Specifically, Plaintiffs allege "Defendants required Plaintiffs and the Class to undergo temperature checks on the way into work before they were allowed to clock in. Thus, the temperature check time was off-the-clock and unpaid." (ECF No. 29, ¶ 40.) Plaintiffs seek minimum wages for the time spent passing through "COVID-19 temperature checks." (*Id.*, ¶ 42.) But so do the plaintiffs in *Haro* and *Carlos*. (ECF No. 43 at 20; ECF No. 43 at 66.) Walmart therefore moved to stay Plaintiffs' minimum wage claim because it is identical to the minimum wage claim in those earlier-filed matters. Plaintiffs do not contest Walmart's position with respect to the minimum wage claim in their Opposition, tacitly conceding its merit. *See In re Online DVD Rental Antitrust Litig.*, No. C 09-2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument").

### C. Plaintiffs' Overtime Claim

Plaintiffs allege Walmart failed to compensate them for all overtime worked. (ECF No. 29, ¶ 35.) Specifically, they contend "Walmart did not pay wages for the time non-exempt employees spent undergoing COVID-19 temperature checks, including overtime wages for workdays in excess of 8 hours and workweeks in excess of 40 hours." (*Id.*) Again, *Haro* and *Carlos* have identical overtime claims. (ECF No. 43 at 21; ECF No. 43 at 66.) For this reason, the *Carlos* court stayed Plaintiff Carlos' overtime and minimum wage claims pending resolution of the first-filed *Haro*, and Walmart moved to do the same here. (ECF No. 43 at 104.)

Plaintiffs concede that in this action – like the earlier-filed *Haro* and *Carlos* matters –they "allege unpaid [overtime] wages resulting from pre-shift COVID screenings." However, they argue that – unlike *Haro* and *Carlos* – their claims purportedly differ because they also allege that when Walmart did pay overtime wages, it did so at the wrong rate of pay. (ECF No. 45 at 8.) The breadth of Plaintiffs' overtime claim is not clear from their First Amended Complaint, which contains overtime allegations in two separate causes of action (three and four). However, to be clear, Walmart moves to stay Plaintiffs' overtime claim based on the allegation that it did not pay overtime wages

Reply to Plaintiffs' Opposition to

3   Case No. 5:21-cv-09133-NC

DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

for time spent undergoing COVID-19 screenings, as it is currently being litigated in *Haro*. And, as Plaintiffs do not contest that this theory is identical to that in *Haro* and *Carlos*, Plaintiffs' overtime claim based on the allegation that Walmart did not pay overtime wages for time spent undergoing COVID-19 screenings should be stayed. *In re Online DVD Rental Antitrust Litig.*, 2011 WL 5883772, at *12. To the extent Plaintiff has a separate claim that, on occasions unconnected to COVID-19 screenings, Walmart did pay overtime wages but did so at the wrong rate of pay, Walmart does not seek to stay that claim.

### D.   Plaintiffs' Wage Statement Claim

Plaintiffs allege "that the[ir] wage statements violated Labor Code § 226(a) because they did not reflect the unpaid wages for off-the-clock time spent undergoing COVID-19 temperature checks." (ECF No. 29, ¶ 44.) In other words, Plaintiffs' wage statement claim is derivative of their minimum wage and overtime claims, which, as explained above, should be stayed pending resolution of *Haro* and *Carlos*. Moreover, Plaintiffs' wage statement claim is identical to the wage statement claim in *Haro* in that it is based solely on the argument that the wage statements did not account for time spent undergoing COVID-19 screenings while off-the-clock. (ECF No. 43 at 23.)

Plaintiffs argue in Opposition that their wage statement claim is brought on behalf of "all classes" and "necessarily incorporates Plaintiffs' allegation that Defendants failed to include nondiscretionary incentive pay in the regular rate in this allegation…" (ECF No. 45 at 7.) Not so, according to Plaintiffs' First Amended Complaint ("FAC"). The FAC expressly alleges the wage statements were inaccurate <u>only</u> "because Defendants failed to pay all wages, including minimum and overtime wages, to Plaintiffs and the Class for temperature checks…In other words, Plaintiffs allege that the wage statements violated Labor Code § 226(a) because they did not reflect the unpaid wages for off-the-clock time spent undergoing COVID-19 temperature checks." (ECF No. 29, ¶ 44.)

All three first-to-file elements are met as to Plaintiffs' meal period, minimum wage, overtime, and wage statement claims and they should be stayed.

Reply to Plaintiffs' Opposition to

4

Case No. 5:21-cv-09133-NC

DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

### III. PLAINTIFFS' MEAL PERIOD CLAIM SHOULD BE STAYED UNDER THE *COLORADO RIVER* DOCTRINE

Not only is Plaintiffs' meal period claim subject to stay under the first-to-file rule based on the previously-filed *Hernandez* action in the Central District, but it is also subject to stay because it is being litigated by Plaintiffs' own attorneys in the *Magadia* state court action and is subject to stay under the *Colorado River* doctrine. Courts evaluate eight factors to determine the appropriateness of a stay or dismissal under *Colorado River*, and Walmart has demonstrated in its Motion that the balance of factors favor a stay. *Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835, 842 (9th Cir. 2017).

In their Opposition, Plaintiffs do not contest that their meal period claim is identical to that in *Magadia*, which predates their lawsuit by nearly five years. Instead, their primary argument is that in the *Magadia* proceedings, Walmart has moved to dismiss the plaintiff's meal period claim on the grounds that it was fully litigated to judgment in the district court prior to remand. (ECF No. 45 at 10.) According to Plaintiffs, Walmart "cannot simultaneously argue that the proceedings in *Magadia* will protect the interests of Plaintiffs Guzman and Marshall and the putative Meal Period Regular Rate Class Members, while arguing to the *Magadia* court there is no remaining meal break claim to litigate." (ECF No. 45 at 10.) Plaintiffs' argument misses the point, as the plaintiff in *Magadia* presently contends that his class-wide meal period claim is viable post-remand. (ECF No. 43 at 167.) Thus, as it stands, both Plaintiffs here and the plaintiff in *Magadia* put forth identical meal period claims. Plaintiffs' meal period claim should be stayed under *Colorado River* pending resolution of the claim in the much earlier-filed *Magadia* matter.

### IV. CONCLUSION

For the foregoing reasons, Walmart respectfully requests the Court stay Plaintiffs' meal period, minimum wage, overtime, and wage statement claims pending resolution of those claims in *Haro*, *Carlos*, *Magadia*, and *Hernandez*.

Reply to Plaintiffs' Opposition to

5

Case No. 5:21-cv-09133-NC

DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

| | |
|---|---|
| DATED:  March 25, 2022 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br><br>By: _____<br>Paloma P. Peracchio<br>Mitchell A. Wrosch<br>Attorneys for Defendants<br>Walmart Inc., Wal-Mart Associates, Inc., Wal-Mart Stores, Inc. |

Reply to Plaintiffs' Opposition to

6   Case No. 5:21-cv-09133-NC

DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION STAY PLAINTIFFS' FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

0.v0-offline