UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GUZMAN, and others,<br>Plaintiffs,<br>v.<br>WALMART INC., and others,<br>Defendants. | Case No. 21-cv-09133-NC<br><br>**ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Re: ECF 59 |

Before the Court is the third partial motion to dismiss brought by Defendants Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores Inc. (collectively, Walmart). Walmart argues that Plaintiffs' meal period and reporting time violation claims fail to state a claim. Having considered the parties' arguments and the applicable law, the Court DENIES Walmart's partial motion to dismiss.

I.   BACKGROUND

The Court fully recounted the background of this case in its previous orders granting Walmart's first and second partial motions to dismiss. *See* ECF 28; ECF 57. The Court discusses the specific allegations challenged by this motion in its analysis below.

Since the Court's Order Granting Second Motion to Dismiss, at ECF 57, Plaintiffs filed a second amended complaint (SAC). ECF 58. Two weeks later, Walmart moved to dismiss two of the SAC's five claims. ECF 59. The Court now considers Walmart's

motion.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Claim One: Meal Period Violation

The SAC alleges that "Plaintiffs and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal periods." ECF 58 ¶ 26. The SAC further alleges that "Plaintiffs and Class Members earned non-discretionary incentive pay . . . which was not factored into the regular rate of pay for purposes of paying meal period premium pay" and that Walmart's failure to include all remuneration in this calculation was "willful[]." *Id.* ¶¶ 26, 27. The SAC concludes that "Plaintiffs and other members of the Class who have separated from employment are entitled to compensation" and "recovery . . . for the unpaid balance of the unpaid premium compensation." *Id.* ¶¶ 28–29.

First, Walmart challenges the sufficiency of the meal period violation claim on the grounds that the SAC does not allege that Guzman's experiences are representative of the

putative class. ECF 59 at 6–8. "Generally, 'compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.'" *Mish v. TForce Freight, Inc.*, Case No. 21-cv-04094-EMC, 2021 U.S. Dist. LEXIS 193155, at *22 (N.D. Cal. Oct. 6, 2021) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)). However, courts can dismiss class allegations "where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Id.* (citations omitted).

Here, the SAC's class allegations are sufficiently alleged. Unlike in *Mish* where the court did not have sufficient basis to infer that the plaintiff's experience was typical of all of the defendant's California employees, the meal period class here is not that broadly alleged. *See Mish*, 2021 U.S. Dist. LEXIS 193155, at *24. Plaintiffs' Meal Period Class is limited specifically to Walmart employees "who received non-discretionary remuneration" and who were "paid meal period premium payments in the same period that the non-discretionary remuneration was earned, at any time between October 20, 2018 through the present." ECF 58 ¶ 15. The SAC alleges that Walmart "willfully failed to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay." *Id.* ¶ 27. Thus, the SAC provides sufficient allegations to infer that Guzman's experience was typical of the class and, at the very least, to justify discovery for class certification.

Second, Walmart argues that the SAC's meal period premium allegations do not state a meal period violation claim. ECF 59 at 8. While incorrect calculation of meal period premiums may not be sufficient to state a claim, the SAC alleges meal period violations: "Defendants failed in their affirmative obligation to ensure that Plaintiffs, and other class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code." *Id.* ¶ 26. Thus, the Court is unpersuaded that the SAC fails to state a meal premium violation claim.[1]

---

[1] In its Reply, Walmart asserts that because Plaintiffs argued that their claim is not based on Walmart's inaccurate calculation of meal premiums "all allegations that Walmart pays meal premiums at the wrong rate of pay should be dismissed with prejudice." ECF 61 at 6. Walmart provides no authority for this request, so the Court declines the invitation.

3

In sum, because the SAC sufficiently alleges class allegations and states a meal period violation claim, Defendants' motion to dismiss this claim is DENIED.

### B.    Claim Two: Reporting Time Violation

The SAC alleges that "Plaintiffs and class members earned non-discretionary remuneration . . . [that] should have been included in the regular rate of pay for purposes of paying Plaintiffs and class members their reporting time pay," but their "reporting time pay was always paid at their base rate of pay."  ECF 58 ¶ 31.  This "pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class Members."  *Id.* ¶ 33.

Walmart argues that the SAC fails to state a claim because it "merely assumes Plaintiffs experienced a reporting time violation without providing any factual allegations to support its conclusion."  ECF 59 at 9.  The Court understands Walmart's argument, but balanced against the difficulties to Plaintiffs of reconstructing their work schedule—especially for days when they were not put on the floor—from two years ago without the benefit of reviewing Plaintiffs' time records produced through discovery, the Court finds that the SAC's allegations sufficiently demonstrate that Walmart required Guzman to report for work, he did, and he was not put to work.  *See* ECF 58 ¶ 31; *see also Dimercurio v. Equilon Enters. LLC*, Case No. 19-cv-04029-JSC, 2020 WL 227262, at *6 (N.D. Cal. Jan. 15, 2020) (setting forth the elements of a reporting time violation claim).  Thus, the Court DENIES Walmart's motion to dismiss this claim.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Walmart's partial motion to dismiss.

**IT IS SO ORDERED.**

Dated:  August 5, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4